**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HUGO RODRIGUES MACIEL, | No. 12-70648 |
| Petitioner, | Agency No. A088-447-312 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 19, 2013[**]

Before: CANBY, TROTT, and THOMAS, Circuit Judges.

Hugo Rodrigues Maciel, a native and citizen of Brazil, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). We have

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we deny the petition for review.

Substantial evidence supports the BIA's finding that even if Maciel's asylum application was timely, he failed to establish past persecution in Brazil based on the threats he and his family received following a police officer's mistaken shooting of his brother. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003) (unfulfilled threats constituted harassment, not persecution). Substantial evidence also supports the BIA's finding that Maciel failed to demonstrate a well-founded fear of future harm because his mother and brother remain in Brazil unharmed. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003); *see also Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir. 2001) (claim weakened or undercut when similarly-situated family members remain in applicant's home country without incident). Accordingly, Maciel's asylum claim fails.

Because Maciel failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

12-70648

Finally, substantial evidence also supports the BIA's denial of CAT relief because Maciel failed to establish it is more likely than not that he will be tortured if returned to Brazil.  *See Zheng v. Holder*, 644 F.3d 829, 835 (9th Cir. 2011).

**PETITION FOR REVIEW DENIED.**

12-70648